## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Thomas H. Thornton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-00758 |
| | ) | |
| Experian Information Solutions, Inc., | ) | **REGION BANK'S ANSWER AND** |
| Equifax, Inc., TransUnion, LLC., World | ) | **AFFIRMATIVE DEFENSES** |
| Finance Corporation of Illinois, and Regions | ) | |
| Bank, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Defendant Regions Bank ("Regions") and for its Answer and Affirmative Defenses to Plaintiff Thomas H. Thornton's ("Plaintiff") Petition/Complaint, ECF No. 1-1 (the "Complaint") states as follows:

## <u>INTRODUCTION</u>

1.	This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. Seq.* ("FCRA"), which prohibits furnishers of information from reporting inaccurate credit information and unfair credit reporting methods, and which requires credit reporting agencies to conduct a reasonable investigation of a dispute and to correct or delete any inaccurate, incomplete or unverifiable information within thirty days of receiving the notice of a dispute.

**ANSWER:**	Regions denies the allegations in paragraph 1 because Plaintiff does not seek relief against Regions under the Fair Credit Reporting Act ("FCRA"), and the allegations call for a legal conclusion.

2.	This is an action for statutory and actual damages brought by an individual consumer for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et. Seq.* ("TILA"), and Regulation

Z, 12 C.F.R. § 1026 [formerly § 226], promulgated pursuant thereto, which requires creditors to clearly and conspicuously disclose essential credit terms in writing to consumers.

**ANSWER:**   Regions denies the allegations in paragraph 2 because Plaintiff does not seek relief against Regions under the Truth in Lending Act, 15 U.S.C. § 1601 *et. Seq.* ("TILA") and the allegations call for a legal conclusion.

3.    This is a tort action at common law for negligence causing damage to financial reputation and economic loss.

**ANSWER:**   Regions admits the allegations in paragraph 3 because the Complaint purports to state a common law negligence claim, but denies the allegations supporting the claim.

4.    Plaintiff demands a trial by jury on all issues so triable.

**ANSWER:**   Regions admits the allegations in paragraph 4 that Plaintiff has demanded trial by jury on all issues so triable.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction of the FCRA claim under 15 USC § 1681 p, because Defendants' illicit reporting was directed at Plaintiff in Saint Louis County, Missouri.

**ANSWER:**   Regions denies the allegations in paragraph 5 because they call for a legal conclusion.

6.    This Court has jurisdiction of the TILA claim under 15 USC § 1640(e), because Defendants failed to disclose credit terms to Plaintiff in Saint Louis County, Missouri.

**ANSWER:**   Regions denies the allegations in paragraph 6 because they call for a legal conclusion.

7.    This Court has jurisdiction over the common law tort negligence claim because the combined acts and omissions of the Defendants caused financial harm to Plaintiff in Saint Louis County, Missouri.

**ANSWER:**   Regions denies the allegations in paragraph 7 because they call for a legal conclusion.

8.      Venue is proper before this Court pursuant to Mo. Rev. Stat. § 508.010.4 because Plaintiff is a resident of Saint Louis County where he was first injured by the acts, omissions and transactions of the Defendants giving rise to Plaintiff's claims.

**ANSWER:**   Regions denies the allegations in paragraph 8 because they call for a legal conclusion.

## **PARTIES**

9.      Plaintiff is a natural person currently residing in Saint Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FCRA and TILA.

**ANSWER:**   Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies the same.

10.     The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions. Specifically, Plaintiff believes the alleged debt arose from a fraudulent personal loan issued by Defendant World Finance Corporation that was cashed at Defendant Regions Bank.

ANSWER:     Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies the same.

11.     Defendant Experian Information Services, LLC ("Experian") is a foreign corporation with its principal place of business in Costa Mesa, CA. Defendant Experian is one of three nationwide credit reporting companies that tracks and rates the financial history of U.S. consumers. Defendant Experian is a "consumer reporting agency" and a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" and who is in the business of "assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports to third-parties, as defined in 15 U.S.C. §§ 1681(d), §

1681 a(f), (p), respectively. Defendant Experian can be served with process on its registered agent, THE CORPORATION COMPANY, 120 SOUTH CENTRAL AVE, STE 400, ST. LOUIS, MO 63105.

**ANSWER:**   These allegations relate to another Defendant.  Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies the same.

12.    Defendant Equifax is a foreign corporation with its principal place of business in Atlanta, GA. Defendant Equifax is one of three nationwide credit reporting companies that tracks and rates the financial history of U.S. consumers. Defendant Equifax is a "consumer reporting agency" and a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. §§ 1681 a(f) and (p), respectively. Defendant Equifax can be served with process on its registered agent, PRENTICE-HALL CORPORATION SYS, 221 BOLIVAR STREET, JEFFERSON CITY, MO 65101.

**ANSWER:**   These allegations relate to another Defendant.  Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies the same.

13.    Defendant TransUnion is a foreign limited liability company with its principal place of business in Chicago, IL. Defendant TransUnion is one of three nationwide credit reporting companies that tracks and rates the financial history of U.S. consumers. Defendant TransUnion is a "consumer reporting agency" and a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. §§ 1681 a(f) and (p), respectively. Defendant Transunion can be served with process on its registered agent, PRENTICE-HALL CORPORATION SYS, 221 BOLIVAR STREET, JEFFERSON CITY, MO 65101.

**ANSWER:**   These allegations relate to another Defendant.  Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies the same.

14.    Defendant World Finance Corporation of Illinois ("World Finance") is a wholly owned subsidiary of World Acceptance Corporation, and is an issuer of consumer installment loans in Missouri, Illinois, and fourteen other states. Defendant World Finance is a company which regularly extends consumer credit which is initially payable to itself by agreement in more than four installments or for which the payment of a finance charge is or may be required. Defendant World Finance is a "creditor" as that term is defined by the TILA, 15 USC § 1602(g). Defendant World Finance is a "furnisher of information" to credit reporting agencies as referenced in the FCRA, 15 U.S.C. § 1681 s-b(a) and (b) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions. Defendant World Finance can be served with process on its registered agent, C T CORPORATION SYSTEM, 208 SO LASALLE ST, SUITE 814, CHICAGO , IL 60604.

**ANSWER:**   These allegations relate to another Defendant.  Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies the same.

15.    Defendant, Regions Bank, Inc ("Regions") is a FDIC insured bank. Defendant Regions can be served with process on its registered agent, CSC-LAWYERS INC. SERVICE CO, 221 BOLIVAR STREET, JEFFERSON CITY, MO 65101.

**ANSWER:**   Regions admits the allegations contained in paragraph 15.

## FACTS

16.     On or about October 21, 2021, Defendant World Finance, through its location at 1101 Caseyville Road, Caseyville, IL, issued an installment loan to an unknown individual in the amount of $5,502.02, repayable to Defendant World Finance at an interest rate of 35.01% over a term of 35 months, with a monthly payment of $253.00, for a total repayment amount of $8,855.00.

**ANSWER:**    Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies the same.

17.     Defendant World Finance's October 21,2021 installment loan was issued by check to an unknown individual bearing a fraudulent Illinois commercial driver's license in Plaintiff's name, listing an address of 106 N. Long Street, Caseyville, Illinois, a fraudulent social security card with Plaintiff's Social Security Number, and fraudulent paycheck stubs from JB Hunt Transportation Services, listing Plaintiff's name and the fraudulent Caseyville, IL address as the payee.

**ANSWER:**    Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies the same.

18.     Plaintiff has never lived in Illinois, has never had a commercial driver's license in Illinois or any other state, has never worked at JB Hunt Transportation Services, has never done business with Defendant World Finance, and did not take out the October 21, 2021 consumer installment loan.

**ANSWER:**    Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies the same.

19.     Several months after Defendant World Finance issued the fraudulent loan to an unknown individual on October 21, 2021, said individual presented the installment loan check

to Defendant Regions Bank for cashing at Defendant Regions Bank's branch located at 10950 Lincoln Trail, Fairview Heights, IL 62208.

**ANSWER:**   Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies the same.

20.    Defendant Regions Bank immediately cashed the fraudulent check for the unknown individual, after only briefly looking at the identification presented by the unknown individual, without making a copy of the identification, and without requiring any other documentation from the unknown individual, despite the unknown individual not being a customer of Defendant Regions Bank, and despite the unknown individual wearing a hat pulled down low and a surgical mask covering his face.

**ANSWER:**   Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies the same.

21.    Defendant Regions Bank, an FDIC insured bank, a Fortune 500 company, and a bank whose parent holding company trades on the New York Stock Exchange, doing business in an industry long known for being the target of fraud, robberies, and heists, only had grainy security footage of the unknown individual's vehicle of such poor quality that the make, model and license plate number of the unknown individual's vehicle could not be identified. [sic] security card with Plaintiff's Social Security Number, and fraudulent paycheck stubs from JB Hunt Transportation Services, listing Plaintiff's name and the fraudulent Caseyville, IL address as the payee.

**ANSWER:**   Regions admits it is an FDIC insured bank and Regions Financial Corp trades on the New York Stock Exchange but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 and therefore denies the same.

22.     On or about February 8th, 2022, Plaintiff first became aware of the fraudulent transaction in his name when he received an alert from his credit monitoring service that his credit score had precipitously dropped.

**ANSWER:**   Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies the same.

23.     Plaintiff then discovered that Defendant World Finance Corporation was reporting the fraudulent loan to the three major credit reporting agencies, Defendants Experian, Equifax and TransUnion.

**ANSWER:**   Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies the same.

24.     On April 7, 2022, Plaintiff filed an Identity Theft Complaint with the Federal Trade Commission, Report# 146330323, stating under pain and penalty of perjury that the subject loan was fraudulently issued by Defendant World Finance in his name using the aforementioned inaccurate Caseyville, IL address.

**ANSWER:**   Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies the same.

25.     On April 11, 2022, Plaintiff sent a FCRA dispute letter via certified mail to the three major credit reporting agencies, Defendants Experian, Equifax and TransUnion, and to the furnisher of the information, Defendant World Finance, and to Defendant Regions Bank.

**ANSWER:**   Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies the same.

26.     Plaintiff's April 11, 2022 FCRA dispute letter contained a sworn affidavit under pain and penalty of perjury that the subject loan was fraudulently issued by Defendant World Finance in his name and that it had been reported as identity theft to the FTC.

8

**ANSWER:**    Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies the same.

27.    Plaintiff's April 11, 2022 FCRA dispute letter was mailed via certified mail to all named Defendants, along with a copy of Plaintiff's April 7, 2022 FTC Identify Theft Complaint.

**ANSWER:**    Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies the same.

28.    Upon information and belief, Defendant Experian using its normal practices, communicated Plaintiff's dispute to Defendant World Finance and represented to Defendant World Finance that Plaintiff claimed the loan was fraudulent.

**ANSWER:**    Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies the same.

29.    Upon information and belief, Defendant TransUnion using its normal practices, communicated Plaintiffs dispute to Defendant World Finance and represented to Defendant World Finance that Plaintiff claimed the loan was fraudulent.

**ANSWER:**    Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies the same.

30.    Upon information and belief, Defendant Equifax using its normal practices, communicated Plaintiffs dispute to Defendant World Finance and represented to Defendant World Finance that Plaintiff claimed the loan was fraudulent.

**ANSWER:**    Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies the same.

31.    In the beginning of May 2022, Defendant Experian sent Plaintiff dispute results, stating that Defendant World Finance verified that the information reported to Experian was accurate.

**ANSWER:**    Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies the same.

32.    In the beginning of May 2022, Defendant TransUnion sent Plaintiff dispute results, stating that Defendant World Finance verified that the information reported to TransUnion was accurate.

**ANSWER:**    Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies the same.

33.    In the beginning of May 2022, Defendant Equifax sent Plaintiff dispute results, stating that Defendant World Finance verified that the information reported to Equifax was accurate.

**ANSWER:**    Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies the same.

34.    At no point in time before or after the October 21, 2021 loan did Defendant World Finance ever provide or disclose to Plaintiff in writing the closed-end credit disclosures required by TILA, Regulation Z, 12 C.F.R. §§ 1026.17, 1026.18.

**ANSWER:**    Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34  and therefore denies the same.

## <u>COUNT I: VIOLATION OF THE FCRA</u><br><u>DEFENDANT EXPERIAN</u>

35.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

**ANSWER:**    This Count is not directed to Regions, but to another defendant.  To extent a response is needed to paragraph 35, Regions reasserts and incorporates by references all of the above responses in the above paragraphs.

36.    Defendant Experian is a "consumer reporting agency" and a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. §§ 1681 a(f) and (p), respectively.

**ANSWER:**   This Count is not directed to Regions, but to another defendant.  To extent a response is needed, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies the same.

37.   Defendant Experian compiled and maintained a "consumer report" on Plaintiff, as defined in 15 U.S.C. § 1681 a(d): a "written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under section 1681B of this title."

**ANSWER:**   This Count is not directed to Regions, but to another defendant.  To extent a response is needed, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies the same.

38.   Defendant Experian reported inaccurate and derogatory credit information, that Plaintiff had a delinquent loan with Defendant World Finance, even following Plaintiff's fraud dispute supported by sworn affidavit and an FTC Identity Theft Report that the loan was taken out by an unknown individual with an address that Plaintiff never lived at.

**ANSWER:**   This Count is not directed to Regions, but to another defendant.  To extent a response is needed, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies the same.

39.   Defendant Experian's lack of safeguards to prevent such unlawful reporting, or Defendant's disregarding of such procedures, kept it from assuring maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff s reports.

**ANSWER:**    This Count is not directed to Regions, but to another defendant.  To extent a response is needed, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies the same.

40.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Experian, is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. § 1681 e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiffs reports

**ANSWER:**    This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies the same.

41.    Pursuant to 15 U.S.C. §1681i, Defendant Experian, is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

**ANSWER:**    This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies the same.

42.    Defendant Experian's failure to comply with 15 U.S.C. § 1681n, 15 U.S.C. §1681o and 15 U.S.C. §1681 i has caused Plaintiff to incur actual damages including but not limited to denial of credit causing economic damages, costs associated with disputing the inaccurate information, anxiety, depression, stress, sleeplessness, and worry.

**ANSWER:**    This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies the same.

43.     The conduct of Defendant Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

        **ANSWER:**   This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies the same.

        WHEREFORE, having fully answered Count I, Regions states that no relief is sought against it in that count, and therefore no relief should be granted against Regions.


## COUNT II: VIOLATION OF THE FCRA
## DEFENDANT TRANSUNION


44.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

**ANSWER:**   This Count is not directed to Regions, but to another defendant.  To extent a response is needed to paragraph 44, Regions reasserts and incorporates by references all of the above responses in the above paragraphs.

45.     Defendant TransUnion is a "consumer reporting agency" and a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. §§ 1681a(f) and (p), respectively.

**ANSWER:**   This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and therefore denies the same.

46.     Defendant TransUnion compiled and maintained a "consumer report" on Plaintiff, as defined in 15 U.S.C. § 1681a(d): a "written, oral, or other communication of any information

by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under section 1681b of this title."

**ANSWER:**   This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and therefore denies the same.

47.   Defendant Trans Union reported inaccurate and derogatory credit information, that Plaintiff had a delinquent loan with Defendant World Finance, even following Plaintiff's fraud dispute supported by sworn affidavit and an FTC Identity Theft Report that the loan was taken out by an unknown individual with an address that Plaintiff never lived at.

**ANSWER:**   This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and therefore denies the same.

48.   Defendant TransUnion's lack of safeguards to prevent such unlawful reporting, or Defendant's disregarding of such procedures, kept it from assuring maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

**ANSWER:**   Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and therefore denies the same.

49.   Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Trans Union, is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. § 1681e(b) in

assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

**ANSWER:**   This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 and therefore denies the same.

50.   Pursuant to 15 U.S.C. §1681i, Defendant Trans Union, is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

**ANSWER:**   This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and therefore denies the same.

51.   Defendant TransUnion's failure to comply with 15 U.S.C. § 1681n, 15 U.S.C. §1681o and 15 U.S.C. §1681i has caused Plaintiff to incur actual damages including but not limited to denial of credit causing economic damages, costs associated with disputing the inaccurate information, anxiety, depression, stress, sleeplessness, and worry.

**ANSWER:**   This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and therefore denies the same.

52.   The conduct of Defendant TransUnion was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**   This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and therefore denies the same.

**WHEREFORE**, having fully answered Count II, Regions states that no relief is sought against it in that count, and therefore no relief should be granted against Regions.

## COUNT III: VIOLATION OF THE FCRA
## DEFENDANT EQUIFAX

53.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

**ANSWER:**   This Count is not directed to Regions, but to another defendant.  To extent a response is needed to paragraph 53, Regions reasserts and incorporates by references all of the above responses in the above paragraphs.

54.    Defendant Equifax is a "consumer reporting agency" and a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. §§ 1681a(f) and (p ), respectively.

**ANSWER:**   This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 and therefore denies the same.

55.    Defendant Equifax compiled and maintained a "consumer report" on Plaintiff, as defined in 15 U.S.C. § 1681a(d): a "written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under section 1681 b of this title."

16

**ANSWER:**   This calls for legal conclusion directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and therefore denies the same.

56.   Defendant Equifax reported inaccurate and derogatory credit information, that Plaintiff had a delinquent-loan with Defendant World Finance, even following Plaintiff's fraud dispute supported by sworn affidavit and an FTC Identity Theft Report that the loan was taken out by an unknown individual with an address that Plaintiff never lived at.

**ANSWER:**   This count and these allegations are directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and therefore denies the same.

57.   Defendant Equifax's lack of safeguards to prevent such unlawful reporting, or Defendant's disregarding of such procedures, kept it from assuring maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff s reports.

**ANSWER:**   This count and these allegations are directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and therefore denies the same.

58.   Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Equifax, is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U .S.C. § 1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

**ANSWER:**   This count and these allegations are directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and therefore denies the same.

17

59.    Pursuant to 15 U.S.C. §1681 i, Defendant Equifax, is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

**ANSWER:**    This count and these allegations are directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and therefore denies the same.

60.    Defendant Equifax's failure to comply with 15 U.S.C. § 1681n, 15 U.S.C. §1681o and 15 U.S.C. §1681i has caused Plaintiff to incur actual damages including but not limited to denial of credit causing economic damages, costs associated with disputing the inaccurate information, anxiety, depression, stress, sleeplessness, and worry.

**ANSWER:**    This count and these allegations are directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and therefore denies the same.

61.    The conduct of Defendant Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**    This count and these allegations are directed to another defendant.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and therefore denies the same.

**WHEREFORE**, having fully answered Count III, Regions states that no relief is sought against it in that count, and therefore no relief should be granted against Regions.

## COUNT IV: VIOLATION OF THE FCRA
## DEFENDANT WORLD FINANCE CORPORATION

62.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

**ANSWER:**    This Count is not directed to Regions, but to another defendant.  To extent a

response is needed to paragraph 62, Regions reasserts and incorporates by references all of the

above responses in the above paragraphs.

63.     Defendant World Finance is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

**ANSWER:**    This count and these allegations are directed to another defendant.  Further, they

call for a legal conclusion and Regions is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 63 and therefore denies the

same.

64.     FCRA 15 U.S.C. § 1681 s-2(b) requires a furnisher of information, following the receipt

of a dispute, to conduct a reasonable investigation of the dispute and to permanently delete

information which is inaccurate, incomplete, or cannot be verified.

**ANSWER:**    This count and these allegations are directed to another defendant.  Further, they

call for a legal conclusion and Regions is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 64 and therefore denies the

same.

65.     Defendant World Finance negligently failed to conduct a reasonable investigation of

Plaintiff's dispute and remove the derogatory fraudulent information from his credit report, and

instead verified the disputed account as accurate, despite receiving Plaintiff's fraud dispute

supported by sworn affidavit and an FTC Identity Theft Report that the loan was taken out by

an unknown individual with an address that Plaintiff never lived at.

**ANSWER:**    This count and these allegations are directed to another defendant.  Further, they

call for a legal conclusion and Regions is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 65 and therefore denies the same.

66.     Defendant World Finance's credit communications have caused Plaintiff to incur actual damages including but not limited to denial of credit causing economic damages, costs associated with disputing the information, anxiety, depression, stress, sleeplessness, and worry.

**ANSWER:**     This count and these allegations are directed to another defendant.  Further, they call for a legal conclusion and Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 and therefore denies the same.

67.     The conduct of Defendant World Finance was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**     This count and these allegations are directed to another defendant.  Further, they call for a legal conclusion and Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and therefore denies the same.

**WHEREFORE**, having fully answered Count IV, Regions states that no relief is sought against it in that count, and therefore no relief should be granted against Regions.

## COUNT V - VIOLATION OF THE TILA
## DEFENDANT WORLD FINANCE CORPORATION

68.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

**ANSWER:**   This Count is not directed to Regions, but to another defendant.  To extent a response is needed to paragraph 68, Regions reasserts and incorporates by references all of the above responses in the above paragraphs.

69.     At no point in time before or after the October 21, 2021 loan did Defendant World Finance ever provide or disclose to Plaintiff in writing the closed-end credit disclosures required by TILA, Regulation Z, 12 C.F.R. §§ 1026.17, 1026.18.

**ANSWER:**   This count and these allegations are directed to another defendant.  Further, they call for a legal conclusion and Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and therefore denies the same.

70.     Defendant's failure to provide the required disclosures to Plaintiff prevented Plaintiff from becoming aware of the fraudulent loan until several months later, costing Plaintiff valuable time, and causing Plaintiff to suffer actual damages including but not limited to denial of credit causing economic damages, damage to credit reputation, costs associated with investigating and disputing the fraudulent transaction, and anxiety, depression, stress, sleeplessness, and worry.

**ANSWER:**   This count and these allegations are directed to another defendant.  Further, they call for a legal conclusion and Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 and therefore denies the same.

71.     The conduct of Defendant World Finance was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**   This count and these allegations are directed to another defendant.  Further, they call for a legal conclusion and Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 and therefore denies the same.

**WHEREFORE**, having fully answered Count V, Regions states that no relief is sought against it in that count, and therefore no relief should be granted against Regions.


## COUNT VI - NEGLIGENCT [sic] ENABLEMENT OF IMPOSTER FRAUD DEFENDANT WORLD FINANCE CORPORATION

COMES NOW, Plaintiff, and for Count VI of Plaintiff's petition against Defendant, states:

72.    Once someone purporting to be the Plaintiff and bearing Plaintiff's purported information contacted the Defendant to open credit in Plaintiff's name, Defendant then owed Plaintiff a duty of care to exercise due care when opening the account in Plaintiff's name and social security number to ensure that it is not enabling an imposter.

**ANSWER:**   This count and these allegations are directed to another defendant.  Further, they call for a legal conclusion and Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 and therefore denies the same.

73.    By agreeing to open an account in Plaintiff's name and by issuing credit in Plaintiff's name, Defendant manifested its intent to enter into a client relationship with Plaintiff.

**ANSWER:**   This count and these allegations are directed to another defendant.  Further, they call for a legal conclusion and Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 and therefore denies the same.

74.     Because identity theft is nothing new, but is in fact the fastest growing white collar crime[1], and because Defendant World Finance has been in the business of credit issuance since 1962, it is squarely within the realm of foreseeability that imposters would attempt to open fraudulent accounts with Defendant.

**ANSWER:**     This count and these allegations are directed to another defendant.  Further, they call for a legal conclusion and Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and therefore denies the same.

75.     Because of the great financial harm that can be caused to Missouri citizens when issuers of credit open unauthorized accounts in innocent citizens' names, public policy favors the imposition of a duty of reasonable care upon the Defendant.

**ANSWER:**     This count and these allegations are directed to another defendant.  Further, they call for a legal conclusion and Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and therefore denies the same.

76.     As the gatekeepers to access to credit, issuers of credit such as the Defendant are better and uniquely situated to protect against identity theft by exercising due care when opening accounts and issuing credit.

**ANSWER:**     This count and these allegations are directed to another defendant.  Further, they call for a legal conclusion and Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and therefore denies the same.

77.     Defendant negligently breached its duty of care to Plaintiff when opening the fraudulent account by:

---

[1] https://www.govinfo.gov/content/pkg/CHRG-107shrg82327/html/CHRG-107shrg82327.htm

23

a) Failing to obtain a credit report, a "hard" credit inquiry, or a "soft" credit promotion inquiry on Plaintiff, which would have easily revealed the fact that Plaintiff was not an Caseyville, Illinois resident, but rather lived in Chesterfield, MO, and that Plaintiff was not employed as a driver with JB Hunt Transportation, but rather had a long history of white collar executive level employment with various financial institutions, the most recent and current of which was with Heartland Financial, which only has locations in the Missouri side of the Greater Saint Louis Metropolitan Area, and no locations in the Illinois side;

b) Failing to verify Plaintiff's purported employment with JB Hunt Transportation;

c) Failing to adopt reasonable policies and procedures to prevent the opening of a fraudulent account in Plaintiff's name.

ANSWER:     This count and these allegations are directed to another defendant.  Further, they call for a legal conclusion and Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and therefore denies the same.

78.     As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff incurred damages including, but not limited to financial harm, damage to Plaintiff's reputation, denial of credit, and other damages including anger, fear, anxiety and sleeplessness.

**ANSWER:**     This count and these allegations are directed to another defendant.  Further, they call for a legal conclusion and Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and therefore denies the same.

**WHEREFORE**, having fully answered Count VI, Regions states that no relief is sought against it in that count, and therefore no relief should be granted against Regions.

24

## COUNT VII - NEGLIGENCT [sic] ENABLEMENT OF IMPOSTER FRAUD DEFENDANT REGIONS BANK

COMES NOW, Plaintiff, and for Count VII of Plaintiff's petition against Defendant Regions Bank, states:

79.      Once someone purporting to be the Plaintiff and bearing Plaintiff's purported information contacted the Defendant Regions Bank to cash a check in Plaintiff's name, even though Plaintiff was not a customer of Defendant Regions Bank, Defendant then owed Plaintiff a duty of care to exercise due care when accepting the check for deposit and issuing cash proceeds to ensure that it is not enabling an imposter.

**ANSWER:**    This calls for a legal conclusion.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and therefore denies the same.

80.      By accepting a check for deposit in Plaintiff's name and by issuing cash in Plaintiff's name, Defendant manifested its intent to enter into a business relationship with Plaintiff.

**ANSWER:**    This allegation references a link to government regulations, and calls for legal conclusion.  Regions denies the allegations contained in paragraph 80.

81.      Because imposter check fraud is nothing new[2] and because Defendant is an FDIC insured bank, a Fortune 500 company, and a bank whose parent holding company trades on the New York Stock Exchange, doing business in banking since 1971, it is squarely within the realm of foreseeability that imposters would attempt to fraudulent cash a check with Defendant.

**ANSWER:**    This allegation references a link to government regulations, and calls for legal conclusion.  Therefore, Regions denies the allegations contained in paragraph 81.

---

[2] https://www.occ.gov/publications-and-resources/publications/banker-education/files/pub-check-fraud.pdf

25

82.     Because of the great financial harm that can be caused to Missouri citizens when banking institutions accept and negotiate fraudulent checks in innocent citizens' names, public policy favors the imposition of a duty of reasonable care upon the Defendant.

**ANSWER:**     This allegation references "public policy" and calls for legal conclusion.

Therefore, Regions denies the allegations contained in paragraph 82.

83.     As the gatekeepers to access to commercial banking, depository institutions such as the Defendant are better and uniquely situated to protect against identity theft by exercising due care when negotiating commercial instruments, especially when cashing checks to non-customers.

**ANSWER:**     This calls for a legal conclusion.  Further, Regions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 and therefore denies the same.

84.     Defendant negligently breached its duty of care to Plaintiff when negotiating the fraudulent check by:

  a)  Failing to properly identify the imposter when cashing a check bearing Plaintiff's name;

  b)  Failing to require multiple forms of identification from the non-customer imposter;

  c)  Failing to hold the fraudulent check in a waiting period before cashing;

  d)  Failing to adopt reasonable policies and procedures to prevent negotiating a fraudulent check in Plaintiff's name for cash to a non-customer imposter.

**ANSWER:**     Regions denies the allegations contained in paragraph 84.

85.     As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff incurred damages including, but not limited to financial harm, damage to Plaintiff's reputation, denial of credit, and other damages including anger, fear, anxiety and sleeplessness.

ANSWER:     Regions denies the allegations contained in paragraph 85.

**WHEREFORE**, Defendant Regions Bank respectfully requests Count VII be dismissed, for its costs, attorneys' fees, and any other relief the Court deems fair and reasonable.

**REGIONS BANK'S**
**AFFIRMATIVE AND OTHER DEFENSES**

In further response to Plaintiff's Complaint, Regions Bank hereby asserts the following affirmative and other defenses, without conceding that it bears the burden of persuasion as to any of them.

**FIRST AFFIRMATIVE DEFENSE**
**CONTRIBUTORY/COMPARATIVE FAULT**

All claims against Regions are barred because of Plaintiff's negligence and failure to utilize proper standard of care, and/or any damages should be reduced by Plaintiff's comparative fault.

**SECOND AFFIRMATIVE DEFENSE**
**FAILURE TO MITIGATE DAMAGES**

Plaintiff has failed to mitigate his damages.

**THIRD AFFIRMATIVE DEFENSE**
**LACHES**

The Complaint and each claim for relief therein are barred by laches.

**FOURTH AFFIRMATIVE DEFENSE**

Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Regions.

27

## FIFTH AFFIRMATIVE DEFENSE
## ESTOPPEL

Any alleged damages which Plaintiff may have suffered, which Regions continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SIXTH AFFIRMATIVE DEFENSE
## UNCLEAN HANDS

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
## REASONABLE PROCEDURES

At all times relevant to the Complaint, Regions followed reasonable procedures and exercise proper standard of care.

## EIGHTH AFFIRMATIVE DEFENSE
## INTERVENING CAUSES

If Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Regions was not a proximate cause of the alleged injuries.

## NINTH AFFIRMATIVE DEFENSE
## CONSTITUTIONALITY OF PUNITIVE DAMAGES

Plaintiff's claim for punitive damages is barred to the extent such sanctions are imposed without requiring the burden of proof to be beyond a reasonable doubt and the sanctions do not accord with the protections of the Eighth Amendment (prohibiting excessive fines) and the Fifth and Fourteenth Amendments (prohibiting substantive and procedural due process and equal protection violations) to the Constitution. Experian adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the Supreme Court in cases including without limitation: *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424

(2001), *Phillip Morris USA v. Williams*, 549 U.S. 346 (2007), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Regions Bank respectfully requests the following::

      (1)      That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety with prejudice;

      (2)      For costs of suit and attorneys' fees herein incurred; and

      (3)      For such other and further relief as the Court may deem just and proper.

July 29, 2022

/s/ David G. Wasinger
David Wasinger Mo Bar # 38253
Evelyn I. Sims Mo Bar # 60410
Wasinger Daming, LC.
CIBC Place, Suite 875
1401 South Brentwood Boulevard
St. Louis, Missouri 63144
dwasinger@wasingerdaming.com
(314) 961-0400
(314) 961-2726 FAX
Attorneys for Defendant Regions Bank